IN THE UNITED STATES DISTRICT COURT
FOR THE DISRTRICT OF MARYLAND
(Southern Division)

---

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.<br>407 E. Pennsylvania Blvd.<br>Feasterville, PA 19053 | :<br><br>:<br><br>: |
| Plaintiff, | : |
| v. | : |
| JANET L. DRAPER, Individually<br>and as an officer, member, owner, and/or<br>principal of RUSSELL'S STORE, INC.,<br>d/b/a Russell's<br>43747 Blake Creek Road<br>Valley Lee, Maryland 20692 | :<br><br>:<br><br>:<br>Civil Action No.:_____ |
| | : |
| And | |
| | : |
| RUSSELL'S STORE INC.,<br>d/b/a RUSSELL'S<br>44894 Blake Creek Road<br>Valley Lee, Maryland Virginia 20692<br>Serve:  Registered Agent<br>          Janet L. Draper<br>          43747 Blake Creek Road<br>          Valley Lee, Maryland 20692 | :<br><br>:<br><br>:<br><br>:<br><br>: |
| Defendants. | : |

---

## **COMPLAINT**

Joe Hand Promotions, Inc. ("Plaintiff" or "Joe Hand"), by and through its attorneys, provides as follows as for its Complaint against Defendants Janet L. Draper ("Draper") and Russell's Store, Inc., d/b/a Russell's ("Russell's" and collectively, "Defendants"):

## NATURE OF THE ACTION

1. Plaintiff sets forth herein a Complaint arising out of Defendants' unauthorized reception of cable service and/or unauthorized publication or use of communications in violation of 47 U.S.C. §§ 553 and 605, and in violation of Plaintiff's rights as the exclusive domestic commercial distributor of the transmission signal of the fight Broadcast as described herinafter, below. Defendants' willful and wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition and tortious conversion of Plaintiff's property rights of the transmission of the Broadcast. For violation of the applicable federal statute(s), Plaintiff seeks statutory damages, interest, compensatory damages, as well as attorney's fees and costs as provided for under the statute(s).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. §1331, as this civil action is brought pursuant to 47 U.S.C. §§ 553 and 605.

3. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district; and, upon information and belief, Defendants reside in and/or maintain their principle place of business in this judicial district and have sufficient contacts in this judicial district to be subject to personal jurisdiction herein.

## THE PARTIES

4. Plaintiff Joe Hand Promotions, Inc., is a Pennsylvania corporation with its principal place of business located in Feasterville, Pennsylvania.

5. Defendant Draper was an owner, director, shareholder, officer and/or principal of Russell's Store, Inc. d/b/a Russell's at all relevant times herein.

6. Defendant Russell's Store, Inc., is a Maryland Corporation, with its principle place of business located in Valley Lee, Maryland.

## FACTS COMMON TO ALL COUNTS

7. By contract, Plaintiff was granted the right to distribute the UFC 163: Aldo v. Korean Zombie Broadcast, including all undercard bouts and the entire television broadcast, scheduled for August 3, 2013, (hereinafter referred to as the "Broadcast"), via closed circuit television and via encrypted satellite signal. The Broadcast originated via satellite uplink, and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

8. Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities in Virginia, allowing them to publicly exhibit the Broadcast to their patrons.

9. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to transmit the Broadcast to those entities in the Commonwealth of Virginia. Russell's Store, Inc. d/b/a Russell's, was not one of the entities that entered into an agreement with Plaintiff to publicly exhibit the Broadcast to their patrons.

10. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendants and/or their agents, contractors and/or employees unlawfully intercepted, received and/or de-scrambled said satellite signal, and did exhibit the Broadcast at the above-captioned Russell's address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

11. Upon information and belief, the individual Defendant Draper did own, manage, operate, and exercise supervisory capacity and control over the activities occurring within Russell's on August 3, 2013.

12. Upon information and belief, Defendant Draper was an owner and officer of Russell's Store, Inc. d/b/a Russell's on August 3, 2013, and received a direct financial benefit from revenue Russell's realized by virtue of increased food, drink, and/or patronage revenue directly attributable to the Broadcast.

13. Upon information and belief, Defendants received a financial benefit from the unauthorized Broadcast at Russell's on August 3, 2013.

14. Upon information and belief, Defendants and/or their agents, contractors and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via satellite uplink, and then re-transmitted the Broadcast via satellite or microwave signal to various cable and satellite systems.

15. There are multiple illegal methods of accessing Broadcasts, such as the one at issue in this Complaint, including: (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercial establishments misusing cable or satellite by registering the same as a resident when it is, in fact, a business; or (3) taking a lawfully obtained cable box or satellite receiver from a private residence into a business. In addition, emerging technologies, such as broadband or internet broadcast, as well as "sling box" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.

16. Upon information and belief, Defendants knowingly and willfully used one of the above-referenced methods to access and exhibit the Broadcast unlawfully. Such action(s) on the

4

part of the Defendants violated the federal statutes referenced herein. Further, such actions were inconsistent, and wrongfully interfered, with Plaintiff's property rights to the Broadcast.

## COUNT I - VIOLATION OF TITLE 47 U.S.C. §605

17. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "16", inclusive, as though set forth herein at length.

18. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission of the Broadcast described herein, to which Plaintiff held the distribution rights.

19. By reason of the aforementioned conduct, Defendants' herein willfully violated 47 U.S.C. §605 (a).

20. By reason of Defendants' violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

21. As a result of Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages under 47 U.S.C. §605 (e) (3) (C) (i) (II) and (ii), of up to the maximum amount of $110,000.00 as to each Defendant herein.

22. Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II - VIOLATION OF TITLE 47 U.S.C. §553

23. Plaintiff hereby incorporates paragraphs "1" through "22", inclusive, as though fully set forth herein at length.

24. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendants and/or its agents, contractors and or employees did exhibit the Broadcast at the above-captioned Russell's address

5

at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

25. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system, such as transmission of the Broadcast described herein, to which Plaintiff held the distribution rights.

26. Upon information and belief, Defendants willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

27. By reason of the aforementioned conduct, Defendants herein willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

28. As a result of Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages in an amount of up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against each Defendant herein as follows:

(a) A finding that each Defendant's unauthorized exhibition of the August 3, 2013 UFC 163: Aldo v. Korean Zombie Broadcast violated the Federal Communications Act and that such violations were committed willfully and for purposes of each Defendant's direct or indirect commercial advantage or for private financial gain; and

(b) On the first cause of action, a finding in favor of the Plaintiff for statutory penalties in an amount of up to $110,000.00 as to each Defendant for the willful violation of 47 U.S.C. §605 (a); and, alternatively,

(c) On the second cause of action, a finding in favor of the Plaintiff for statutory penalties in an amount of up to the maximum amount of $60,000.00 as to each Defendant for violation of 47 U.S.C. §553; and

(d) Awarding attorney's fees, interest, and full costs of the lawsuit as to each Defendant pursuant to statute(s) including 47 U.S.C. §605 (e) (3) (B) (iii) or §553 (c) (2) (C), together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*Malik K. Cutlar*

Malik K. Cutlar, Bar #29599
mcutlar@pctlg.com
PCT Law Group, PLLC
330 John Carlyle Street
Third Floor
Alexandria, Virginia  22314
(703) 881-9141
(703) 972-9153 (fax)
*Counsel for Plaintiff*